**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benito VASQUEZ–DE LA VEGA,
Defendant–Appellant.**

**No. 02–41365.
Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Roland E. Dahlin, II, Federal Public Defender, Arturo Villarreal, III, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Benito Vasquez–De La Vega ("Vasquez") pleaded guilty to illegal reentry following deportation, a violation of 8 U.S.C. § 1326. Vasquez raises two issues that he concedes are foreclosed, but he seeks to preserve them for further review.

Vasquez first argues that his prior conviction for possession of a controlled substance is not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) (November 1, 2001). This argument is foreclosed by our decision in *United States v. Caicedo–Cue-*

*ro*, 312 F.3d 697, 705–11 (5th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003).

Vasquez also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Vasquez's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi* did not overrule Almendarez–Torres. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.